```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                           LONDON DIVISION


IN RE:

JASON JACKSON and                                  CASE NO. 08-60586
MELANIE JACKSON

DEBTORS

FORD LINCOLN MERCURY AUTOPLEX, INC.                PLAINTIFF

v.                                                 ADV. NO. 08-6033

JASON JACKSON and
MELANIE JACKSON                                    DEFENDANTS
```

**MEMORANDUM OPINION**

This is an adversary proceeding wherein the Plaintiff is challenging the dischargeability of the Defendants' debt to the Plaintiff. The Plaintiff alleges that the Defendants issued checks for a down payment on a truck knowing that the checks would not be honored, thus committing fraud. A trial having been held on January 21, 2009, and the matter having been taken under submission, the Court hereby issues this Memorandum Opinion.

The issue is whether Plaintiff has met its burden of proving fraud under either 11 U.S.C. § 523(a)(2)(A) or 523(a)(4).

Findings of Fact.

The Plaintiff introduced the testimony of Leah Norvell, representative of Forcht Bank, formerly Laurel National Bank, along with exhibits including the bank records in the name of Defendant Jason Jackson. The evidence presented by the Plaintiff was that two checks were written to Falls Ford by Jason Jackson: (1) a check dated August 27, 2007, in the amount of $5,000.00, and (2) a check dated August 25, 2007, in the amount of $9,000.00. Ms. Norvell further

testified that the check in the amount of $5,000.00 was presented for payment on August 31, 2007, and denied due to insufficient funds. It was again presented on September 13, 2007, and denied for insufficient funds. Ms. Norvell also testified that a deposit of $5,000.00 was made to the account on August 27, 2007.

The Plaintiff introduced the testimony of Tim Logan, Finance Manager for Falls Ford Auto Group. Mr. Logan testified that a promissory note for $9,000.00 was executed by Defendants Jason and Melanie Jackson which would have been voided if payment was received for the $9,000.00 check.

The Defendants, Jason and Melanie Jackson, testified that they were told by the salesman that the check for $5,000.00 would be held for 30 days, and that the check for $9,000.00 would be held for 60 days. The Defendants also testified that at the time the checks were issued they believed they could deposit the money to cover the checks before they were presented for payment. Also, the Defendants testified that at the time they purchased the vehicle they had income sufficient to cover the checks if presented as agreed. Thereafter, Jason Jackson lost a contract with 84 Lumber which substantially decreased the Defendants' income.

<u>Conclusions of Law</u>.

11 U.S.C. § 523(a)(4) concerns fraud while acting in a fiduciary capacity. Defendants are not fiduciaries, so Plaintiff has not met its burden of proving fraud under 11 U.S.C. § 523(a)(4).

Plaintiff asks for a judgment under 11 U.S.C. § 523(a)(2)(A). "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – for money, property, services, or an extension, renewal, or refinancing of

credit, to the extent obtained, by – false pretenses, a false representation, or actual fraud, . . ." 11 U.S.C. § 523(a)(2)(A).

"In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. . . . In order to except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence. . . . Whether a debtor possessed an intent to defraud a creditor within the scope of § 521(a)(2)(A) is measured by a subjective standard, . . ." In re Rembert, 141 F.3d 277, 280-281 (6th Cir. 1998).

Based on the testimony of the Defendants, the Court finds that the Defendants believed they would have sufficient income/funds to deposit to cover the checks written in the amount of $5,000.00 and $9,000.00. The Defendants subjectively intended to pay the debt. Plaintiff has not met its burden of proving fraud under 11 U.S.C. § 523(a)(2)(A).

This constitutes the Court's findings of fact and conclusions of law. A separate order dismissing the adversary proceeding will be entered separately.

COPIES TO:

Ralph W. Hoskins, Esq.

```
Laura Kincheloe, Esq.
V. Katie Gilliam, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Thursday, January 29, 2009
(jms)**